IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCHLUNDRYA SCOTT, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | No. 3:25-CV-03307-S-BW |
| § | | |
| 7- ELEVEN, INC., § | | |
| Defendant. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff Schlundrya Scott's Motion for Default Judgment filed (Dkt. No. 13), Defendant 7-Eleven, Inc.'s ("7-Eleven") Motion to Vacate Clerk's Entry of Default filed (Dkt. No. 14), and Defendant 7-Eleven's Motion to Strike Plaintiff's Sur-Reply to Defendant's Motion to Vacate Default Judgment (Dkt. No. 19).

Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-354, this case is referred to the undersigned United States magistrate judge for pretrial management and recommendation on dispositive motions. (*See* Dkt. No. 1.)

For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment (Dkt. No. 13) be **DENIED**, Defendant's Motion to Vacate Clerk's Entry of Default (Dkt. No. 14) be **GRANTED**, and the Clerk's Entry of Default (Dkt. No. 9) be set aside. The undersigned also **RECOMMENDS** that Defendant's Motion to Strike Plaintiff's Sur-Reply (Dkt. No. 19) be **GRANTED**.

## I. BACKGROUND

Plaintiff, proceeding pro se, filed this action on December 2, 2025, asserting employment discrimination claims against 7-Eleven. (Dkt. No. 3.) On December 10, 2025, Plaintiff filed a Proof of Service signed by Nickie Christopher Chance, which purported to serve Defendant "7-Eleven Inc." through its registered agent CT Corporation System, by USPS mail, with a "copy emailed to Eric A. Welter." (*See* Dkt. No. 7 at ECF p. 1.) The Proof of Service purports that delivery was "signed for by C. Chris on 12/4/25 at 10:11 a.m." (*See id.*) No proof of USPS delivery to C. Chris was provided with Plaintiff's Proof of Service. (*See generally id.*) Included with the Proof of Service is an email from Delores McCraney (apparently on Plaintiff's behalf) to Mr. Welter stating: "Please accept this Summons as being Served via email. A follow up Summons will be mailed certified today." (*See id.* at ECF p. 2.) Mr. Welter responded: "Our firm does not have authority to accept service of process for 7-Eleven, Inc." (*See id.*)

On December 29, 2025, Defendant filed an Opposed Motion to Quash Service of Process arguing that Plaintiff's purported service was improper under Rule 4 of the Federal Rules of Civil Procedure as CT Corporation System is not Defendant's registered agent. (Dkt. No. 10.) On the same day, Plaintiff requested, and the Clerk of Court entered, Clerk's Entry of Default against Defendant 7-Eleven, Inc. (Dkt. Nos. 8, 9.) On December 30, 2025, Plaintiff filed a Motion for Default Judgment. (Dkt. No. 13.) On December 31, 2025, Defendant filed a Motion to Vacate Clerk's Entry of Default (Dkt. No. 14), to which Plaintiff filed a response in opposition on

January 2, 2026 (Dkt. No. 16), and Defendant filed a reply (Dkt. No. 17). Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 13) and Defendant's Motion to Vacate Clerk's Entry of Default (Dkt. No. 14) are ripe for consideration. Thereafter, on January 6, 2026, Plaintiff filed a sur-reply (styled as a response) (Dkt. No. 18), but as discussed further below, Plaintiff has already filed her response to Defendant's motion and has no right to file an additional responsive pleading after Defendants' reply without leave of Court.

Plaintiff's response in opposition to Defendant's Motion to Vacate Clerk's Entry of Default argues that she properly served Defendant through its registered agent, CT Corporation System. (Dkt. No. 16.) As support, Plaintiff provides a screenshot of the Texas Secretary of State ("SOS") Business Organizations Inquiry page for filing number 130485700, which she attaches to her response as "Exhibit A." (*See* Dkt. No. 16 at ECF p. 6.) Plaintiff also attaches an "Exhibit B" which appears to be a screenshot from a lookup on MapQuest for "CT Corporation" displaying an address of "1999 Bryan St, Suite 900, Dallas, TX 75201." (*See* Dkt. No. 16 at ECF p. 8.)

Meanwhile, Plaintiff filed a second Proof of Service on December 30, 2025, purporting to serve "7 Eleven Enterprise LLC" through a different registered agent, Registered Agent Inc., by certified mail. (*See* Dkt. No. 11.) Defendant filed a Supplemental Motion to Quash this service of process on December 31, 2025, again arguing that Plaintiff served an incorrect registered agent and an entity that is not the Defendant. (Dkt. No. 15.) Plaintiff's response in opposition to Defendant's Motion

3

to Vacate Clerk's Entry of Default does not mention this second proof of service. (*See generally* Dkt. No. 16.)

Also on December 30, 2025, Plaintiff filed a response in opposition to Defendant's Motion to Quash (Dkt. No. 12), wherein she maintains that service was proper, and argues that "e[v]en assuming arguendo that service was imperfect, Defendant received actual notice [of the lawsuit], acknowledged receipt through counsel, and suffered no prejudice." (*Id.*) Plaintiff did not file a response to Defendant's Supplemental Motion to Quash (Dkt. No. 15), and the time to do so has passed. *See* N.D. Tex. L. Civ. R. 7.1(e). The motions to quash are therefore ripe for consideration.[1]

## II. LEGAL STANDARDS

Fed. R. Civ. P. 55 (b)(2) governs the entry of a default judgment. A default judgment is available to a plaintiff who demonstrates the following: (1) the defendant was served with a summons and the complaint, and a default was entered because the defendant failed to appear; (2) the defendant is not a minor or an incompetent person; (3) the defendant is not in the military or subject to the Soldiers and Sailors Relief Act of 1940, 50 U.S.C. § 3931; and (4) if the defendant appeared in the case, the defendant was provided with notice of the default judgment application at least three days before the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing *Twentieth Century*

---

[1] Defendant's motions to quash (Dkt. Nos. 10, 15) are addressed in a separate order.

*Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)). In addition, the plaintiff "must make a prima facie showing of jurisdiction." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, 3:14-CV-2589-M-BN, 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

The Fifth Circuit has set out a three-step process for a plaintiff seeking default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a); *PharMerica Corp. v. Paragon Healthcare Group, LLC*, No. 2:19-CV-196, 2021 WL 9274561, at *2 (N.D. Tex. Aug. 20, 2021).

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Arch Ins. Co.*, 2013 WL 145502, at *2 (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (observing the Fifth Circuit's general disfavor of default judgments and preference to resolve cases on their merits). But this policy is "counterbalanced by considerations of social

goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

### III.  ANALYSIS

As a preliminary matter, the undersigned considers Defendant's Motion to Strike Plaintiff's Sur-Reply to Defendant's Motion to Vacate Default Judgment (Dkt. No. 19).  As noted above, Plaintiff filed a sur-reply to Defendant's motion, styled as a response (Dkt. No. 18), but Plaintiff has already filed her response to Defendant's motion and has no right to file an additional responsive pleading after Defendant's reply without leave of Court.  The Court's rules provide for a motion, response, and reply.  *See* N.D. Tex. L. Civ. R. 7.1.  "The local rules do not allow surreplies as a matter of course," *Neely v. Khurana*, No. 3:07-CV-1344-D, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009), and "[w]hether to allow filing a surreply is within the sound discretion of the court, subject to review for abuse of discretion," *Goodson v. Nasco Healthcare Inc.*, No. 3:21-CV-1467-N, 2025 WL 2322793, at *4 (N.D. Tex. Aug. 12, 2025) (internal quotation marks omitted).

Although sur-replies "are heavily disfavored," it is within the sound discretion of the courts to grant or deny leave to file such additional briefing.  *Warrior Energy*

6

*Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)). As aptly explained in *Weems*, "surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter [and] usually just repeat[] arguments from the memorandum in opposition and serve[] only to delay resolution of the underlying motion." *Weems*, 2011 WL 2731263, at *1 (citations omitted). Plaintiff's sur-reply does not "identify [any] new issues, theories, or arguments which [Defendant] raised for the first time in its reply brief." *Id*. Instead, her sur-reply attempts to obtain the "last word" by providing case citations and conclusory statements in support of arguments previously brought forth in her opposition. (*See* Dkt. No. 16). Accordingly, the undersigned finds that Defendant's Motion to Strike Plaintiff's Sur-reply (Dkt. No. 19) should be **GRANTED**.

Turning next to Plaintiff's Motion for Default Judgment (Dkt. No. 13), the undersigned must first determine whether Plaintiff properly served Defendant 7-Eleven. *See* Fed. R. Civ. P. 4(c). "[S]ervice of process . . . initiates a defendant's obligations in a civil suit[.]" *Jefferson v. Delgado Cmty. Coll. Charity Sch. of Nursing*, 602 Fed. Appx. 595, 598 (5th Cir. 2015). Thus, until defendants have been properly served, "defendant[s] ha[ve] no duty to answer the complaint and the plaintiff[s] cannot obtain a default judgment." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999).

7

Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). When serving either an individual or a "corporation, partnership, or association," the plaintiff may "follow[ ] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A). The Texas Rules of Civil Procedure permit a person authorized by Rule 103 to serve defendants by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). Under no circumstances, however, can an interested party serve process in the suit. *See Starrett v. Lockeed Martin Corp.*, No. 3:17-CV-988-D-BT, 2018 WL 1399177, at *4 (N.D. Tex. Mar. 9, 2018); *see* Fed. R. Civ. P. 4(c)(2) (noting that only a person who is "not a party may serve a summons and complaint"); Tex. R. Civ. P. 103 (noting that "no person who is a party to or interested in the outcome of a suit may serve any process").

Here, Defendant avers that neither of Plaintiff's two Proof of Service filings is valid. (*See generally* Dkt. Nos. 10, 15.) With respect to the first Proof of Service filed on December 10, 2025 (Dkt. No. 7), Defendant represents that it has no record of any mailing by Plaintiff to Defendant's counsel Eric A. Welter. (*See* Dkt. No. 10 at ¶ 7 (citing Dkt. No. 7 at ECF p. 2).) Defendant also avers that C.T. Corporation is not its registered agent and Mr. Welter is not authorized to accept service of process on behalf of Defendant, which was communicated to Plaintiff on December 3, 2025,

as shown in her Proof of Service. (*Id.*; *see also* Dkt. No. 10-2 (Declaration of Eric A. Welter).) Regarding the second Proof of Service filed on December 30, 2025 (Dkt. No. 11), which indicates that Plaintiff served "Registered Agent Inc." on behalf of "7 Eleven Enterprise LLC," Defendant avers that its legal name is not "7 Eleven Enterprise LLC" and "Registered Agent Inc." is not its registered agent. (*See* Dkt. No. 15 at ¶¶ 8-9 (citing Dkt. No. 10 at ECF p. 2-3).)

Based on the foregoing, the undersigned finds that Plaintiff failed to properly serve Defendant 7-Eleven, Inc. "Without proper service, there is no personal jurisdiction over [a] defendant, and thus, the Court has 'good cause' to set aside the default as it is 'void.'" *Schopp v. Results Nat'l LLC*, 4:16-CV-00890-ALM-KPJ, 2017 WL 6030081, at *2 (E.D. Tex. Nov. 15, 2017); *see also Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir. 1998) (noting that "when a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside"). Moreover, notwithstanding Plaintiff's contention that Defendant had actual notice of Plaintiff's suit (even if not properly served) (*see* Dkt. No. 12 at 2), "actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against" a party. *Harper MacLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398-99 (5th Cir. 2001) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)); *accord Lefcourt v. Health Enrollment Grp., Inc.*, No. 3:17-CV-2617-G, 2018 WL 3862082, at *2 (N.D. Tex. Aug. 14, 2018) ("Even if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand.").

Finally, with respect to Defendant's Motion to Vacate Clerk's Entry of Default (Dkt. No. 14), Rule 55(c) permits the district court to "set aside an entry of default for good cause." "The decision whether to set aside a default judgment is left to the sound discretion of the trial judge and will be reversed only for an abuse of discretion." *Dolphin Plumbing Co. v. Fin. Corp. of N. Am.*, 508 F.2d 1326, 1327 (5th Cir.1975). In considering whether good cause exists, courts consider "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings v. A & L Sales*, 346 F.3d 552, 563 (5th Cir.2003). Here, the undersigned finds that good cause exists, and there is no indication that setting aside default at this juncture would prejudice Plaintiff. This case is in its infancy and should proceed on the merits once Plaintiff has properly served Defendant. Accordingly, the Clerk's entry of default (Dkt. No. 9) should be set aside.

## IV. CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment (Dkt. No. 13) be **DENIED**, Defendant's Motion to Vacate Clerk's Entry of Default (Dkt. No. 14) be **GRANTED** and the Clerk's Entry of Default (Dkt. No. 9) be set aside.

The undersigned further **RECOMMENDS** that, Defendant's Motion to Strike Plaintiff's Sur-Reply to Defendant's Motion to Vacate Default Judgment (Dkt. No.

19) be **GRANTED**, and Plaintiff's unauthorized sur-reply (Dkt. No. 18) be **STRICKEN**.

      **SO RECOMMENDED** on February 18, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE OF RIGHT TO OBJECT**

      A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).